IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Center for Excellence in Higher Education, Inc.<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>The United States of America<br><br>　　　　　　　　　　Defendant. | Case No: 22-1732C<br><br>(Senior Judge Smith) |

**Plaintiff's Response to Defendant's Motion for an Enlargement of Time**

Plaintiff, Center for Excellence in Higher Education ("CEHE") responds as follows to the United States' request for a second extension of time to respond to CEHE's Complaint. To be clear, CEHE does not oppose the United States' new request. Rather, CEHE asks that, should the instant motion be granted, the Court limit any additional requests to enlarge the time for the United States to respond to the Complaint to those based on exceptional circumstances only.

As an initial matter, CEHE also responds to clarify the United States' representations that CEHE's counsel was unresponsive to meet and confer requests regarding the instant motion. To the contrary, opposing counsel first inquired about CEHE's position on the Motion on February 13, 2023, and CEHE's counsel promptly responded the following day. In that response, counsel for CEHE sought clarification of the United States' justification and motives for further delaying proceedings. Opposing counsel's subsequent emails were difficult to follow in that it appeared he had been researching issues that were not in serious debate. Given the resulting confusion, CEHE's counsel made himself available to further discuss the matter by phone, but opposing counsel never called. He did follow up in subsequent emails later that week. However, counsel for CEHE was

traveling and working onsite on a client matter, limiting the opportunity to respond before the United States filed the instant motion.

In any event, the Court should not permit the United States to further delay proceedings to spend months researching seemingly settled issues. Indeed, according to the United States, in the 90 days since the Complaint was filed, the United States' counsel has only fully researched the issue of whether CEHE's program participation agreements ("PPAs") with the Department are contracts. Mot. at 2 (ECF No. 8). In prior meet and confer conversations on December 13, 2022 and January 10, 2023, CEHE's counsel informed that the Department of Education has always taken the position that PPAs are contracts and that it has enforced them as such in various matters. General Counsel for the Department of Education participated in the meet and confer calls. Given the Department of Education's prior positions in that regard, CEHE did not believe that issue warranted significant time to research. Nonetheless, when Counsel for the United States sought its first extension of time to respond in mid-January, CEHE did not oppose the request. Nonetheless, even after 90 days, Counsel for the United States represents that is has only just completed research of that single issue, while the other issues raised in CEHE's complaint (illegal exaction, Fifth Amendment taking, fiduciary law) remain unaddressed. Mot. at 2. While CEHE's counsel recognizes family matters, such as vacations, occur, it is unusual that responding to the matters raised in the meet and confer calls and emails would require such significant time.

CEHE believes that, should this Court grant the Department another 30-day extension, 120 days is more than sufficient to respond to all issues raised by the Complaint. Accordingly, CEHE respectfully requests that any future requests from the Department be granted only if exceptional circumstances so warrant.

Date:   February 21, 2023

/s/ Steven M. Gombos
Steven M. Gombos (Lead Attorney)
David A. Obuchowicz (Of Counsel)
Gombos Leyton, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030
Ph: (703) 934-2660/9840 (fax)
Email: dobuchowicz@glpclaw.com

*Counsel for Plaintiff CEHE.*
