# In the United States Court of Federal Claims

No. 22-1732

Filed: March 12, 2024

|  |  |
|---|---|
| CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

This case presents two important questions. First, are several agreements between the parties contracts? Second, if they are, did defendant breach these contracts? This action is before the Court on defendant's Motion to Dismiss. Plaintiff, Center for Excellence in Higher Education, Inc., alleges that the United States Department of Education ("Education"): (1) breached several contracts—principally, a Program Participation Agreement ("PPA")—and the implied duties of good faith and fair dealing contained therein, (2) effected an illegal retention under the Fifth Amendment, and (3) effected an illegal exaction. *See* Complaint 1, ECF No. 1 [hereinafter Compl.]. On March 24, 2023, defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") and, in the alternative, moved for summary judgment. *See generally* Defendant's Motion to Dismiss, ECF No. 12 [hereinafter Def.'s MTD]. Specifically, defendant argues that plaintiff's claims fall outside the Court's jurisdiction because they are regulatory challenges under the Administrative Procedure Act, sound in tort, and fail to identify valid, money-mandating contracts. *Id.* Defendant further argues that, even if the Court has jurisdiction, plaintiff failed to sufficiently allege facts supporting a breach of federal contracts, taking, illegal exaction, or violation of any fiduciary duty. *Id.* On July 7, 2023, plaintiff responded, *inter alia*, that the alleged agreements are contracts that fall within this Court's jurisdiction and that its Complaint sufficiently pleads its stated claims. *See generally* Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment, ECF No. 18. On August 15, 2023, defendant filed its Reply in support of its Motion to Dismiss, abandoning its requested relief for summary judgment. *See generally* Defendant's Reply in support of its Motion to Dismiss, ECF No. 25. On December 12, 2023, Court held oral argument on defendant's Motion.

To survive a motion to dismiss for lack of subject-matter jurisdiction under RCFC 12(b)(1), a complaint must "allege sufficient facts to establish the court's jurisdiction." *Melwood Horticultural Training Ctr., Inc. v. United States*, 151 Fed. Cl. 297, 305 (2020) (citing *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318–19 (Fed. Cir. 2006)). The

plaintiff has the burden of proof to demonstrate by a preponderance of the evidence that this Court has subject-matter jurisdiction. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). The Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration*, 659 F.3d at 1163.

The Tucker Act primarily confers jurisdiction to this Court to "render judgment upon any claim against the United States founded either upon the Constitution, . . . or upon any express or implied contract with the United States, or for . . . damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, "does not create *any* substantive right enforceable against the United States for money damages," *N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 877, 881 (Fed. Cir. 2018) (emphasis in original), so a plaintiff must "identify a separate source of substantive law that creates the right to money damages," *PAE-Parsons Glob. Logistics Servs., LLC v. United States*, 145 Fed. Cl. 194, (2019) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part)). For claims based in contract, the "money-mandating" source is the contract itself because it is presumed that a breach of contract necessitates monetary damages with few exceptions. *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021).

The Court will dismiss a case under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Spectre Corp. v. United States*, 132 Fed. Cl. 626, 628 (2017) (*quoting Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). In reviewing a motion to dismiss for failure to state a claim, the Court "must accept as true all the factual allegations in the complaint . . . and [] must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court finds that plaintiff sufficiently alleged facts to defeat defendant's Motion to Dismiss. First, plaintiff alleged the existence of express contracts—PPAs, escrow agreements, and Heightened Cash Monitoring Agreements—with the United States. *See* Compl. Exs. 1–3, ECF Nos. 1-2, 1-3, 1-4; Def.'s MTD Attach. 1, at A45–A184, ECF No. 12-1. Drawing reasonable inferences in favor of plaintiff, the Court finds the facts alleged sufficient to confer subject-matter jurisdiction. *See Trusted Integration*, 659 F.3d at 1163; *see, e.g.*, *San Juan City College v. United States*, 391 F.3d 1357, 1361 (2004) (finding PPAs valid contracts within the Tucker Act's jurisdiction). Second, plaintiff sufficiently asserted facts that, if accepted as true, entitle it to plausible relief. *See, e.g.*, *Sommers Oil Co.*, 241 F.3d at 1378. As stated above, plaintiff presented factual allegations of the existence and breach of contracts between itself and the United States, and of a taking—i.e., defendant's impermissible withholding of funds due— which would plausibly entitle plaintiff to relief. Compl. 48–54; *see Ashcroft*, 556 U.S. at 678; *cf. Feiss v. United States*, 138 Fed. Cl. 237, 242–43 (2018).

The Court has a strong understanding of the relevant law, but not, at present, an understanding of concrete facts necessary to move forward with this case. For the reasons set

-3-

forth above, defendant's MOTION to Dismiss is **DENIED**, and a status conference will be set in the coming days, setting forth a proposed procedural schedule.

    **IT IS SO ORDERED.**

    s/ *Loren A. Smith*
    Loren A. Smith,
    Senior Judge