IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CENTER FOR EXCELLENCE IN HIGHER           )
EDUCATION, INC.,                          )
                                          )
        Plaintiff,                 )
                                          )
        v.                         )      No. 22-1732C
                                          )
THE UNITED STATES,                        )      (Senior Judge Smith)
                                          )
        Defendant.                 )

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint of plaintiff, Center for Excellence in Higher Education,

Inc. (CEHE), defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in the unnumbered introductory paragraph of plaintiff's

complaint constitute plaintiff's characterization of its case to which no answer is required; to the

extent they may be deemed allegations of fact, they are denied.

1.      The allegations contained in paragraph 1 constitute plaintiff's characterization of

its case to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

2.      The allegations contained in paragraph 2 constitute plaintiff's characterization of

its case to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

3.      Admits the allegations contained in the first sentence of paragraph 3.  Denies the

allegations contained in the second and third sentences of paragraph 3 for lack of knowledge or

information sufficient to form a belief as to their truth.

4.      Denies the allegations contained in the first sentence of paragraph 4 for lack of

knowledge or information sufficient to form a belief as to their truth.  Denies the allegations

contained in the second sentence of paragraph 4.  Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the inquiries data from the Department's College Scorecard and Integrated Post-Secondary Data System ("IPEDS"), referenced, which are the best evidence of their contents; otherwise denies the allegations.

5.     Admits the allegations contained in the first sentence of paragraph 5. The allegations contained in the remaining sentences of paragraph 5 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.     The allegations contained in paragraph 6 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegations contained in paragraph 7 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.     The allegations contained in the first sentence of paragraph 8 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 8 that hundreds of proprietary institutions of higher education have closed since 2011; denies any remaining allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.     The allegations contained in paragraph 9 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10.     The allegations contained in the first and second sentences of paragraph 10 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 10 that CEHE's application for recognition as an organization that meets the requirements of section 501(c)(3) of the Internal Revenue Code was approved by the Internal Revenue Service, and that CEHE acquired colleges through a merger; denies the remaining allegations contained in the third sentence of paragraph 10. Denies the allegations contained in the fourth and fifth sentences of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.     The allegations contained in paragraph 11 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     The allegations contained in paragraph 12 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13.     The allegations contained in the first, second, third, fourth and fifth sentences of paragraph 13 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the sixth sentence of paragraph 13 that the Heightened Cash Monitoring 2 (HCM2) payment method, to provide additional oversight of cash management, requires a school to provide funding to students prior to seeking reimbursement from the Department.  The allegations contained in the seventh, eighth and ninth sentences of paragraph 13 constitute

plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations contained in paragraph 14 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15.     Denies the allegations contained in paragraph 15 for lack of knowledge of information sufficient to form a belief as to their truth.

16.     Admits.

17.     The allegations contained in the first and second sentences of paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 17 to the extent supported by the exhibits cited, which is the best evidence of its contents; otherwise denies the allegations.   The allegations contained in the fourth sentence of paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.     Admits.

19.     Denies the allegations contained in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second and third sentences of paragraph 19.  Admits the allegation contained in the fourth sentence of paragraph 19 that many of CEHE's students attended programs for careers in healthcare fields; otherwise, denies the allegations contained in the fourth sentence of paragraph 19.  Admits the allegations contained in the fifth sentence of paragraph 19.

20.     Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the accreditation and approval decisions referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Admits the allegation contained in the second sentence of paragraph 20.  The allegation contained in the third sentence of paragraph 20 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

21.     The allegations contained in the first and second sentences of paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the third sentence of paragraph 21.

22.     The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23.      The allegations contained in paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in paragraphs labeled "I" and "a" immediately following paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25.     Admits the allegations contained in the first sentence of paragraph 25 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 25.   The allegations contained in the

second sentence of paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27.     Admits the allegations contained in paragraph 27 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations.

28.     The allegations contained in paragraph 28 and in the paragraph labeled "b" following paragraph 28 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.     Admits the allegation contained in paragraph 29 that the Department did not return the escrow funds; the remainder of the allegations in paragraph 29 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30.     Admits the allegations contained in the first sentence of paragraph 30 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32.     Admits the allegations contained in paragraph 32 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

33.     Admits the allegations contained in paragraph 33 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

34.    Admits the allegations contained in paragraph 34 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

35.    Denies the allegation contained in the first sentence of paragraph 35.  The allegations contained in the second sentence of paragraph 35 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36.    The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37.    Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the second sentence of paragraph 37 that CEHE submitted its FYE 2012 and FYE 2013 audited financial statements with an attestation confirming compliance with 90/10 requirements; otherwise denies the allegations contained in the second sentence of paragraph 37.  Denies the allegations contained in the third sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth; and avers that CEHE's 2014 financials contained 90/10 attestation for the year ended December 31, 2013.  Admits that the Department initially accepted CEHE's 2014 financials; otherwise denies the allegations contained in the fourth sentence of paragraph 37.  The allegations contained in the fifth sentence of paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits that CEHE initially submitted its FYE 2015 audited financial statements approximately one year later.

38.     Admits the Department determined CEHE's 2015 financial statements were incomplete and untimely because they failed to include a demonstration of 90/10 compliance; the remaining allegations contained in the first sentence of paragraph 38 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Admits CEHE submitted an amended audited financial statement in December 2016 demonstrating compliance with 90/10 requirements; the remaining allegations contained in the second sentence of paragraph 38 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39.     The allegations contained in paragraph 39 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40.     Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41.     The allegations contained in paragraph 41 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that CEHE requested a preacquisition review.

42.     The allegations contained in paragraph 42 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43.     Denies the allegations contained in the first sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 43. Denies the allegations contained in the third sentence of paragraph 43.

44.     The allegations contained in the first sentence of paragraph 44 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second sentence of paragraph 44 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in the third and fourth sentences of paragraph 44 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

45.     Admits the allegations contained in paragraph 45 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

46.     Admits the allegations contained in the first, second and third sentences of paragraph 46 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.   Admits that CEHE reported a 90/10 calculation for FYE 2013; admits the remaining allegations contained in the fourth sentence of paragraph 46 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the fifth sentence of paragraph 46 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the citation following the fifth sentence of paragraph 46 to the extent supported by the handbook cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the sixth sentence of paragraph 46 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation.

47.     Denies the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second, third and fourth sentences of paragraph 47 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits that the Department required CEHE to initially post a financial security that represented 50% of the Title IV, HEA program funds received by the institutions during their most recently completed fiscal year, and admits that the Department rejected CEHE's application to be recognized as a nonprofit institution for purposes of the Title IV, HEA programs in August 2016.

48.     Admits the allegations contained in the first sentence of paragraph 48 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 48.  Admits the allegations contained in the third sentence of paragraph 48 to the extent supported by the 2013 audited financial statement cited, which is the best evidence of its contents; otherwise denies the allegations.   Denies the allegations contained in the fourth sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the fifth sentence of paragraph 48 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits the Department agreed to meet with CEHE, admits the Department agreed to reduce the financial security amount to $42.9 million, and admits that CEHE provided $42.9 million as financial security.

49.     Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50.     Admits the allegations contained in paragraph 50 to the extent supported by the decision letter cited, which is the best evidence of its contents; otherwise denies the allegations.

51.     The allegations contained in the first sentence of paragraph 51 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.   Admits the allegation contained in the second sentence of paragraph 51 that CEHE eventually posted required financial security, to rehabilitate its composite score, and to demonstrate 90/10 compliance; denies the remaining allegations contained in the second sentence of paragraph 51.  The allegations contained in the third sentence of paragraph 51 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52.     Admits the allegation contained in the first sentence of paragraph 52 that the United States continued to require that CEHE provide financial security as a condition of participation in certain programs; denies the remainder of the allegations in the first sentence of paragraph 52.   Admits the allegations contained in the second sentence of paragraph 52 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

53.     Denies the allegations contained in the first sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second and third sentences of paragraph 53 to the extent supported by the new decision cited, which is the best evidence of its contents; otherwise denies the allegations.

54.     Admits the allegations contained in paragraph 54 to the extent supported by the letters cited, which is the best evidence of its contents; otherwise denies the allegations.

55.     Admits the allegations contained in paragraph 55 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

56.     Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

57.     Admits the allegations contained in paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

58.     Admits that CEHE provided the additional $4.6 million in escrow funds, raising the total amount of CEHE's funds held in escrow to $20,877,279; denies the remaining allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59.     The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits CEHE timely submitted its FYE 2019 audit on May 21, 2020, CEHE timely submitted its FYE 2020 audit on March 5, 2021, and Education did not return to CEHE money that CEHE had provided to Education as a financial guaranty.  The allegations contained in the paragraph labeled "c" immediately following paragraph 59 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     Denies.

61.     Denies the allegations contained in the first sentence of paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 61.

62.     Denies the allegations contained paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63.     Denies the allegations contained paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64.     Admits the allegations contained in paragraph 64 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

65.     Admits the allegations contained in paragraph 65 to the extent supported by the article cited, which is the best evidence of its contents; otherwise denies the allegations.

66.     Admits the allegations contained in paragraph 66 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

67.     The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     Admits the allegations contained in paragraph 68 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

69.     Denies the allegations contained in paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth, except admits the allegations contained in paragraph 69 to the extent supported by the letter cited in paragraph 68, which is the best evidence of its contents; otherwise denies the allegations concerning the letter cited in paragraph 68.

70.     Denies the allegations contained in the first sentence of paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 70.  The allegations contained in the third and fourth sentences of paragraph 70 constitute conclusions of law and plaintiff's characterization of

its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71.     Denies the allegations contained in paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth.

72.     The allegations contained in paragraph 72 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.     Admits the allegations contained in paragraph 73 to the extent supported by the transcript of the speech cited, which is the best evidence of its contents; otherwise denies the allegations.

74.     The allegations contained in paragraph 74 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in paragraph "II" and paragraph "a" following paragraph 74 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75.     Admits.

76.     Admits.

77.     Admits the allegations contained in the first sentence of paragraph 77 that the Department's Heightened Cash Monitoring 1 payment method requires colleges to disburse their own funds to eligible students and submit related disbursement records for verification through the Department's Common Origination and Disbursement System ("COD") before the college can draw down Title IV funds to cover the disbursements; denies the remaining allegations contained in the first sentence of paragraph 77.  The allegations contained in the second sentence

of paragraph 77 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 77 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that institutions subject to the Department's Heightened Cash Management payment method may draw down funds from the Department once the required documentation is completed.

78.     Admits the allegations contained in the first sentence of paragraph 78.  The allegations contained in the second and third sentences of paragraph 78 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits that a college choosing to participate in a Title IV program and receiving funds under the HCM2 method must make disbursement to a student for the amount of funds the student is eligible to receive under that program before seeking such funds from Education, and that certain records must be provided to Education to support a demand for such funds.  The allegations contained in the fourth sentence of paragraph 78 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits that there is an administrative process for determining what requests for payment are properly supported and should be paid.

79.     The allegations contained in paragraph 79 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in paragraph "b" following paragraph 79 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. Admits the allegations contained in the first sentence of paragraph 82 to the extent supported by the NACIQI recommendation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 82, except denies the allegation concerning whether ACICS was the 'largest" accreditor of proprietary schools for lack of knowledge or information sufficient to form a belief as to its truth.   Admits the allegations contained in the second sentence of paragraph 82.  Admits the allegations contained in the third and fourth sentences of paragraph 82 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations.

83. The allegations contained in paragraph 83 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in the first sentence of paragraph 84 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second and third sentences of paragraph 84 to the extent supported by the transcript of the hearing cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the fourth

sentence of paragraph 84 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

85.    The allegations contained in the first sentence of paragraph 85 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 85.  The allegations contained in paragraphs "c" and "1" immediately following paragraph 85 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86.    Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87.    Denies the allegations contained in paragraph 87 for lack of knowledge or information sufficient to form a belief as to their truth.

88.    Denise the allegations in paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth.

89.    Admits the allegations contained in paragraph 89 to the extent supported by the ACCSC Rules of Process and Procedure cited, which is the best evidence of its contents; otherwise denies the allegations.

90.    Denies the allegations contained in paragraph 90 for lack of knowledge or information sufficient to form a belief as to their truth.

91.    Denies the allegations contained in paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92.     Denies the allegations contained in paragraph 92 for lack of knowledge or information sufficient to form a belief as to their truth.

93.     Admits the allegations contained in paragraph 93 to the extent supported by ACCSC's 2013 show cause order cited, which is the best evidence of its contents; otherwise denies the allegations.

94.     Denies the allegations contained in paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth.

95.     Denies the allegations contained in paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth, except admits ACCSC's system-wide show cause order was vacated in 2013, and avers that ACCSC continued a show cause order for CollegeAmerica-Denver.

96.     Denies the allegations contained in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "2" immediately following paragraph 96 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.     Denies the allegations contained in paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth.

98.     Denies the allegations contained in paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth.

99.     The allegations contained in the first sentence of paragraph 99 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 99 to the extent supported by the regulation cited,

- 18 -

which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the third sentence of paragraph 99 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in paragraph "3" immediately following paragraph 99 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

100.    Denies the allegations contained in paragraph 100 for lack of knowledge or information sufficient to form a belief as to their truth.

101.    Denies the allegations contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth.

102.    Denies the allegations contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "d" immediately following paragraph 102 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in footnote 3 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "1" immediately following paragraph "d" following paragraph 102 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

103.    Admits the allegations contained in the first sentence of paragraph 103.  Denies the allegations contained in the second and third sentences of paragraph 103 for lack of knowledge or information sufficient to form a belief as to their truth.

104.     Denies the allegations contained in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105.     Denies the allegations contained in paragraph 105 for lack of knowledge or information sufficient to form a belief as to their truth.

106.     Denies the allegations contained in paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in paragraph "2" following paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth.

107.     Denies the allegations contained in the first and second sentences of paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third sentence of paragraph 107 to the extent supported by the complaint cited (and further identified in in footnote 4), which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegation contained in footnote 4 following paragraph 107 for lack of knowledge or information sufficient to form a belief as to its truth.

108.     Denies the allegations contained in the first sentence of paragraph 108 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second, third, fourth and fifth sentences of paragraph 108 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits the allegations to the extent supported by the federal register notices cited, which are the best evidence of its contents.  Denies the allegations contained in the sixth sentence of paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth.

109.    Denies the allegations contained in the first and second sentences of paragraph 109 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third and fourth sentences of paragraph 109 to the extent supported by the hearing transcript cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in paragraph "3" immediately following paragraph 109 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

110.    Denies the allegations contained in paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth.

111.    Admits the allegations contained in paragraph 111 to the extent supported by letter cited, which is the best evidence of its contents; otherwise denies the allegations.

112.    Denies the allegations contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to their truth.

113.    Denies the allegations contained in paragraph 113 for lack of knowledge or information sufficient to form a belief as to their truth.

114.    Denies the allegations contained in paragraph 114 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in paragraph "4" following paragraph 114 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that the Attorney General of Colorado presented evidence at a trial before Judge Ross Buchanan at one or more points in time.

115.    The allegations contained in paragraph 115 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied except admits that the Attorney General of Colorado participated in a four-week trial in late 2017 involving claims against CEHE.

116.    Denies the allegations contained paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in footnote 4 following paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "5" immediately following paragraph 116 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

117.    Denies the allegations contained in paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth.

118.    Denies the allegations contained in the first and second sentences of paragraph 118 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the third sentence of paragraph 118 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations.

119.    Admits the allegations contained in the first sentence of paragraph 119 to the extent supported by the opinion and proposed findings of fact cited, which are the best evidence of their contents; otherwise denies the allegations.  The allegations contained in the second sentence of paragraph 119 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120.    The allegations contained in paragraph 120 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "6" immediately following paragraph 120 constitute plaintiff's

characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

121.    Admits.

122.    Admits the allegations contained in paragraph 122 to the extent supported by the appellate decision cited, which is the best evidence of its contents; otherwise denies the allegations.

123.    Admits the allegations contained in paragraph 123 to the extent supported by the appellate decision cited, which is the best evidence of its contents; otherwise denies the allegations.

124.    Admits the allegation contained in the first sentence of paragraph 124 that the Colorado Attorney General appealed the decision to the Colorado Supreme Court; denies the remaining allegation contained in the first sentence of paragraph 124.   Denies the allegations contained in the second sentence of paragraph 124 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in paragraph "e" immediately following paragraph 124 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

125.    Denies the allegations contained in the first and second sentences of paragraph 125 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that CEHE appealed the decision issued by Judge Buchanan.  Denies the allegations contained in the third sentence of paragraph 125.  The allegations contained in paragraph "1" immediately following paragraph 125 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

126.     The allegations contained in paragraph 126 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

127.     Admits the allegations contained in paragraph 127 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

128.     Admits the allegations contained in the first and second sentences of paragraph 128 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of paragraph 128.

129.     Denies the allegations contained in the first sentence of paragraph 129 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 129.  Admit the allegation contained in the third sentence of paragraph 129 that Robert Shireman served on NACIQI's committee in July 2021, and admits the remaining allegations to the extent supported by the articles cited, which are the best evidence of their contents, otherwise denies the allegation.  The allegations contained in the fourth sentence of paragraph 129 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

130.     Denies the allegations contained in paragraph 130 for lack of knowledge or information sufficient to form a belief as to their truth.

131.     Admits the allegations contained in paragraph 131 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

132.     Admits the allegations contained in paragraph 132 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.  The

allegations contained in paragraph "2" immediately following paragraph 132 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

133.    The allegations contained in paragraph 133 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

134.    Admits the allegation contained in the first sentence of paragraph 134 that in its February 2021 meeting, ACCSC reviewed CEHE's accreditation, and ACCSC subsequently withdrew the institution's accreditation in April 2021; denies the remaining allegations contained in the first sentence of paragraph 134 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 134 for lack of knowledge or information sufficient to form a belief as to their truth.

135.    Denies the allegations contained in the first sentence of paragraph 135 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 135.

136.    Denies the allegations contained in paragraph 136 for lack of knowledge or information sufficient to form a belief as to their truth.

137.    Denies the allegations contained in paragraph 137 for lack of knowledge or information sufficient to form a belief as to their truth.

138.    Denies the allegations contained in paragraph 138 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in footnote 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

139.    Denies the allegations contained in the first and second sentences of paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third, fourth and fifth sentences of paragraph 139 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

140.    Admits the allegations contained in paragraph 140 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

141.    Admits the allegation contained in the first sentence of paragraph 141 that ACCSC withdrew CEHE's accreditation in February 2021; denies the remaining allegations contained in the first sentence of paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 141 that the ACCSC withdrawal decision was published on April 22, 2021; denies the remaining allegations contained in sentence three of paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the fourth and fifth sentences of paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.

142.    Denies the allegations contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143.    Admits the allegations contained in the first and second sentences of paragraph 143 and footnote 7 to the extent supported by the announcement cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the third and

- 26 -

fourth sentences of paragraph 143 for lack of knowledge or information sufficient to form a belief as to their truth.

144.    The allegations contained in the first sentence of paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 144 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of paragraph 144 for lack of knowledge or information sufficient to form a belief as to their truth.

145.    Denies the allegations contained in paragraph 145 for lack of knowledge or information sufficient to form a belief as to their truth.

146.    Denies the allegations contained in paragraph 146 for lack of knowledge or information sufficient to form a belief as to their truth.

147.    The allegations contained in paragraph 147 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in paragraph "f" immediately following paragraph 147 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

148.    Denies the allegations contained in paragraph 148 for lack of knowledge or information sufficient to form a belief as to their truth.

149.    Denies the allegations contained in the first sentence of paragraph 149 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the second sentence of paragraph 149 that CEHE began the process of making

arrangements for some students to participate in teach-out programs; denies the remaining allegations contained in the second sentence of paragraph 149 for lack of knowledge or information sufficient to form a belief as to their truth.

150.   Denies the allegations contained in the first and second sentence of paragraph 150.  Admits the allegations contained in the third sentence of paragraph 150 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise denies the allegations.  Admits the allegation contained in the fourth sentence of paragraph 150 to the extent supported by the regulation set forth at 34 C.F.R. § 685.214, which is the best evidence of its contents; otherwise denies the allegation.  Denies the allegations contained in the fifth sentence of paragraph 150.

151.   Admits the allegations contained in paragraph 151 to the extent supported by the letters cited, which is the best evidence of its contents; otherwise denies the allegations.

152.   Admits the allegations contained in paragraph 152 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations.

153.   Admits the allegations contained in paragraph 153 to the extent supported by the instructions cited, which is the best evidence of its contents; otherwise denies the allegations.

154.   Admits the allegations contained in paragraph 154 to the extent supported by the instructions cited, which is the best evidence of its contents; otherwise denies the allegations.

155.   Admits the allegations contained in paragraph 155 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

156.   Admits.

157.   Admits the allegations contained in paragraph 157 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations.

158.    Admits the allegations contained in paragraph 158 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations.

159.    The allegations contained in paragraph 159 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

160.    Denies the allegations contained in the first sentence of paragraph 160.  Admits the allegations contained in the second sentence of paragraph 160 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations.  The allegations contained in the third, fourth and fifth sentences of paragraph 160 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the regulation set forth at 34 C.F.R. § 668.22, which is the best evidence of its contents; otherwise denies the allegation.  Denies the allegations contained in the sixth and seventh sentences of paragraph 160.

161.    Denies the allegations contained in the first sentence of paragraph 161 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 161.

162.    Denies the allegations contained in paragraph 162 for lack of knowledge or information sufficient to form a belief as to their truth.

163.    Denies.

164.    Admits the allegation contained in paragraph 164 that the Department did not approve CEHE's HCM2 requests; denies the remaining allegations contained in paragraph 164.

165.    Denies the allegations contained in paragraph 165 for lack of knowledge or information sufficient to form a belief as to their truth.

166.    Admits the allegations contained in the first sentence of paragraph 166 that CEHE notified Department staff that the institution was experiencing technical issues when attempting to upload documents to the Department's COD system, and that the Department sent an email to CEHE, dated June 17, 2021, admitting that technical issues were affecting the COD system; otherwise, denies the allegations contained in the first sentence of paragraph 166.  Denies the allegations contained in the second sentence of paragraph 166 for lack of knowledge or information sufficient to form a belief as to their truth.

167.    Admits the allegations contained in paragraph 167 to the extent supported by the emails cited, which are the best evidence of their contents; otherwise denies the allegations.

168.    Admits the allegations contained in paragraph 168 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations.

169.    Admits the allegations contained in paragraph 169 to the extent supported by the payment claims cited, which are the best evidence of their contents; otherwise denies the allegations.

170.    Admits the allegations contained in paragraph 170 that CEHE submitted a payment claim within the Department's COD system on May 25, 2021, in the gross amount of $82,737 (before deductions), and that the claim was assigned No. 4485; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

171.    Denies the allegations contained in paragraph 171 for lack of knowledge or information sufficient to form a belief as to their truth.

172.    Denies the allegation contained in paragraph 172 for lack of knowledge or information sufficient to form a belief as to its truth.

173.    Admits the allegations contained in paragraph 173 to the extent supported by the guidance documents and regulation cited, which are the best evidence of their contents; otherwise denies the allegations.

174.    Admits the allegation contained in paragraph 174 that the Department never paid any portion of the HCM2 payment claims submitted by CEHE; denies the remaining allegations contained in paragraph 174.

175.    Admits the allegation contained in the first sentence of paragraph 175 that the Department instructed CEHE to allow for the current claims and payment requests to be reviewed prior to adding any additional records to the COD to the extent supported by an email, dated June 29, 2021, from Ms. Mouzon, Payment Analyst at Education, to Mr. Perry, Independence University, in response to an inquiry by Mr. Perry, stating "At this time, you should allow for the current claims/payment requests to be reviewed prior to adding any additional records to the COD Action Queue;" otherwise denies the allegations contained in the first sentence of paragraph 175.  Denies the allegations contained in the second sentence of paragraph 175 for lack of knowledge or information sufficient to form a belief as to their truth in June or July 2021, and avers that CEHE was instructed how to seek all HCM2 payments owed in a final HCM2 claim following closure of an institution in a letter from Education, dated August 4, 2021.

176.    Denies the allegations contained in paragraph 176 for lack of knowledge or information sufficient to form a belief as to their truth.

177.    Denies.

178.    Denies the allegations contained in paragraph 178 for lack of knowledge or information sufficient to form a belief as to their truth.

179.    Admits the allegations contained in paragraph 179 to the extent supported by the teach-out agreements cited, which are the best evidence of their contents; otherwise denies the allegations.

180.    Denies the allegations contained in paragraph 180 for lack of knowledge or information sufficient to form a belief as to their truth.

181.    The allegations contained in the first and second sentences of paragraph 181 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the third sentence of paragraph 182 to the extent supported by the social media account cited, which is the best evidence of its contents; otherwise denies the allegations.

182.    Admits the allegations contained in paragraph 182 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations.

183.    Admits the allegation contained in the first sentence of paragraph 183 that the Department held more than $20 million provided by CEHE to satisfy financial security requirements; denies the remaining allegations contained in the first sentence of paragraph 183. Admits the allegation contained in the second sentence of paragraph 183 that CEHE requested Education release a portion of the financial security funds; denies the remaining allegations contained in the second sentence of paragraph 183 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the third sentence of paragraph 183 that some students rely on Title IV funds for living expenses such as rent, food, childcare, transportation, and other living expenses while they work towards their degrees; denies the remaining allegations contained in the third sentence of paragraph 183.

184.     Admits the allegations contained in paragraph 184 to the extent supported by the notice cited, which are the best evidence of their contents; otherwise denies the allegations.

185.     Denies the allegations contained in the first sentence of paragraph 185.  Admits the allegations contained in the second sentence of paragraph 185 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegation. The allegations contained in the third sentence of paragraph 185 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegation.

186.     Admits the allegations contained in paragraph 186 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegation.

187.     Admits the allegations contained in paragraph 187 to the extent supported by the instructions cited, which is the best evidence of its contents; otherwise denies the allegation.

188.     The allegations contained in paragraph 188 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

189.     Denies the allegations contained in the first sentence of paragraph 189 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 189.

190.     Denies the allegations contained in the first and second sentences of paragraph 190 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the third sentence of paragraph 190.

191.     Denies.

192.     Denies the allegations contained in the first sentence of paragraph 192.  Denies the allegations contained in the second and third sentences of paragraph 192 for lack of knowledge or information sufficient to form a belief as to their truth.

193.     Denies the allegations contained in the first sentence of paragraph 193.  Admits the allegations contained in the second sentence of paragraph 193 that CEHE's access to COD was terminated and thereafter restored; denies the remaining allegations contained in the second sentence of paragraph 193.  Admits the allegations contained in the third sentence of paragraph 193 that Education informed CEHE the size of CEHE's claims caused challenges and technical delays; denies the remaining allegations contained in the third sentence of paragraph 193. Denies the allegations contained in the fourth sentence of paragraph 193 for lack of knowledge or information sufficient to form a belief as to their truth.

194.     Denies the allegations contained in paragraph 194 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that CEHE and Department representatives participated in a conference call with various other people on September 14, 2021, concerning technical issues in connection with CEHE's submission of records.

195.     Denies the allegations contained in the first sentence of paragraph 195 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second and third sentences of paragraph 195.

196.     Admits the allegations contained in paragraph 196 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation.

197.     Denies the allegations contained in the first sentence of paragraph 197.  The allegations contained in the second sentence of paragraph 197 constitute conclusions of law to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third and fourth sentences of paragraph 197.

198.    Defendant's responses to paragraphs 1 through 197 are incorporated by reference.

199.    The allegation contained in paragraph 199 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

200.    The allegations contained in paragraph 200 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

201.    The allegations contained in paragraph 201 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

202.    The allegations contained in paragraph 202 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

203.    The allegations contained in paragraph 203 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

204.    Denies.

205.    Denies the allegation contained in the first sentence of paragraph 205.  Admits the allegations contained in the second sentence of paragraph 205 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegation.  Denies the allegations contained in the third sentence of paragraph 205.

206.    The allegations contained in paragraph 206 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

207.    Defendant's responses to paragraphs 1 through 206 are incorporated by reference.

208.    The allegations contained in paragraph 208 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

209.     The allegations contained in paragraph 209 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

210.     The allegation contained in paragraph 210 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

211.     The allegations contained in paragraph 211 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

212.     Denies.

213.     Denies.

214.     Denies.

215.     Denies.

216.     Denies the allegation contained in the first sentence of paragraph 216.  Admits the allegations contained in the second sentence of paragraph 216 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegation.  Denies the allegations contained in the third sentence of paragraph 216.

217.     Denies.

218.     The allegations contained in paragraph 218 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

219.     Defendant's responses to paragraphs 1 through 218 are incorporated by reference.

220.     The allegations contained in paragraph 220 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

221.     The allegations contained in paragraph 221 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

222.    The allegations contained in paragraph 222 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

223.    The allegations contained in paragraph 223 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

224.    The allegations contained in paragraph 224 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

225.    The allegations contained in paragraph 225 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

226.    The allegations contained in paragraph 226 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

227.    The allegations contained in paragraph 227 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228.    The allegations contained in paragraph 228 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

229.    Admits the allegation contained in paragraph 229 that Education holds approximately $20,877, 279 that CEHE provided to satisfy financial security requirements; the remaining allegations contained in paragraph 229 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

230.    The allegations contained in paragraph 230 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

231.    Defendant's responses to paragraphs 1 through 230 are incorporated by reference.

232.    The allegations contained in paragraph 232 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

233.    The allegations contained in paragraph 233 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

234.    The allegations contained in paragraph 234 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

235.    The allegations contained in paragraph 235 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

236.    Admits the allegation contained in paragraph 236 that Education holds approximately $20,877,279 that CEHE provided to satisfy financial security requirements; the remaining allegations contained in paragraph 236 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

237.    The allegations contained in paragraph 237 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

238.    The allegations contained in paragraph 238 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

239.    Defendant's responses to paragraphs 1 through 238 are incorporated by reference.

240.    The allegations contained in paragraph 240 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

241.    The allegations contained in paragraph 241 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

242.     The allegations contained in paragraph 242 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

243.     The allegations contained in paragraph 243 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

244.     The allegations contained in paragraph 244 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

245.      The allegations contained in paragraph 245 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

246.     The allegation contained in paragraph 246 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

247.     The allegations contained in paragraph 247 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

248.     Defendant's responses to paragraphs 1 through 247 are incorporated by reference.

249.     The allegations contained in paragraph 249 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

250.     The allegations contained in paragraph 250 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

251.     The allegations contained in paragraph 251 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

252.     The allegations contained in paragraph 252 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

253.     The allegations contained in paragraph 253 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

254.     Defendant's responses to paragraphs 1 through 253 are incorporated by reference.

255.     The allegations contained in paragraph 255 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

256.     The allegations contained in paragraph 256 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

257.     The allegations contained in paragraph 257 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

258.     The allegations contained in paragraph 258 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

259.     The allegations contained in paragraph 259 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

260.     Denies each and every allegation not previously admitted or otherwise qualified.

261.     Denies that plaintiff is entitled to any relief set forth in the prayer for relief or to any relief whatsoever.

WHEREFORE, the United States requests that the Court enter judgment in its favor, order that the Complaint be dismissed with prejudice, and grant the United States such other relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

s/ James W. Poirier
JAMES W. POIRIER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele:  202-598-7547
Fax:  202- 305-7644
james.poirier@usdoj.gov

April 23, 2024                                   Attorneys for Defendant